IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA      §
                              §
v.                            §          Crim. Action No. 3:16-CR-472-N
                              §
GARY MICHAEL BEACH            §

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Gary Michael Beach's

motion for judgment of acquittal [109]. For the reasons set forth below, the Court denies the

motion.

### I. THE ORIGINS OF THE MOTION

Following a one-week trial before this Court, a jury convicted Beach of four out of

seven counts of bankruptcy fraud. According to evidence presented at trial, Beach obtained

a $857,500 home and attempted to hide $15,000 in monthly payments before he filed for

bankruptcy protection from an $812,000 debt created by a prior civil lawsuit Beach brought

and lost.[1]

Specifically, following a $812,000 loss in a civil trial in Harris County, Texas, Beach

used a trust fund (the "Trust Fund") created by his father to hide payments he was receiving

for consulting work in the oil and gas industry. First, Beach signed an agreement with an oil

and gas company owned by his brother-in-law to perform consulting work in return for a

---

[1] This Memorandum Opinion and Order reviews the evidence in the light most
favorable to the government and draws all reasonable inferences in support of the verdict.
*See infra* Part II.

$15,000 monthly fee (the "Monthly Payments") paid to the Trust Fund, for which Beach and his son served as the sole trustees and beneficiaries. Then, Beach transferred the Trust Fund's interest in the agreement to a new corporation (the "Corporation") he created, for which he served as the sole manager. Having sole control over the Monthly Payments, Beach used the money to pay his living expenses of $10,000 per month. But Beach did not disclose any of these arrangements until he was confronted with documentary proof of their existence under cross-examination during a bankruptcy deposition.

Further, three days before he filed for bankruptcy protection, Beach used the Trust Fund to purchase a residence in Highland Park, Texas for $857,500. Including improvements to the house, Beach spent a total of nearly $1 million on his new residence. But Beach also neglected to disclose this recent purchase when he filed his bankruptcy papers.

The United States Trustee's Office referred Beach's false statements to the United States Attorney's Office. After an investigation and trial, a jury convicted Beach on three separate counts of the felony offense of making false statements under penalty of perjury for certain bankruptcy documents that he filed omitting income from the Monthly Payments. The jury also convicted Beach on one count of giving false testimony under oath about the Monthly Payments during one of his bankruptcy depositions.

Now before the Court is Beach's motion for judgment of acquittal. Beach generally argues that he should be acquitted on all counts because the evidence presented at trial was

legally insufficient to convict him.  However, for the reasons set forth below, the Court

denies the motion in full.

## II. THE MOTION FOR JUDGMENT OF ACQUITTAL STANDARD

A motion for judgment of acquittal "challenges the sufficiency of the evidence to

convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing FED. R. CRIM.

P. 29(a)).  In considering a motion for judgment of acquittal, courts examine whether,

"review[ing the evidence] in the light most favorable to the government [and] drawing all

reasonable inferences in support of the verdict," "a reasonable jury could find that the

evidence establishes the guilt of the defendant beyond a reasonable doubt." *United States*

*v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994).  In other words, "[t]he only question is

whether a rational jury could have found each essential element of the offense beyond a

reasonable doubt." *Id.*  The court does not assess the credibility of witnesses or weigh the

evidence, as the jury "retains the sole authority to weigh any conflicting evidence and to

evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir.

2001); *see also United States v. Molinar–Apodaca*, 889 F.2d 1417, 1423 (5th Cir. 1989).  If

the evidence "viewed in the light most favorable to the prosecution gives equal or nearly

equal circumstantial support to a theory of guilt and a theory of innocence," then reversal is

required.  *Pennington*, 20 F.3d at 597.  But the jury "is free to choose among all reasonable

constructions of the evidence," and "it is not necessary that the evidence exclude every

reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except

that of guilt." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (quotations and citations omitted).

### III. THE COURT DENIES BEACH'S MOTION FOR JUDGMENT OF ACQUITTAL

In his motion, Beach raises several grounds for acquittal. Beach first argues that his convictions for making false statements under penalty of perjury – counts III, IV, and V – are inappropriate because the indictment is legally insufficient and the evidence presented at trial does not sufficiently prove each of the essential elements. Beach additionally avers that his conviction for giving false testimony under oath – count VII – is improper because the presented evidence did not prove some essential elements of the crime. The Court, however, disagrees.

### A. Beach is Not Entitled to Acquittal on Counts III, IV, and V

***1. The Indictment is Legally Sufficient.*** – The government brought its charges for making false statements under penalty of perjury against Beach pursuant to 18 U.S.C. § 152(3). Beach argues, however, that the government was instead required to charge his false statements as concealment offenses under 18 U.S.C. § 152(1) because the statutes cannot overlap. Relying on out-of-circuit case law, Beach asserts that the indictment on counts III, IV, and V is thus legally insufficient. But the Fifth Circuit has held otherwise. In *United States v. Cluck*, the Fifth Circuit ruled that not only do the statutes overlap, but also related violations of sections 152(1) and (3) may be charged in the same indictment. 153 F.3d 174, 179 (5th Cir. 1998). Consequently, Beach's attempt to conflate the elements of the two statutes based on case law from sister circuits is unavailing.

***2. The Evidence on Each of the Essential Elements is Sufficient.*** – Beach further raises numerous sufficiency of the evidence grounds for acquitting him of the jury's convictions. But, because the jury could find – and indeed did find – that the evidence presented at trial establishes the guilt of Beach beyond a reasonable doubt, his asserted grounds for acquittal are futile.

First, Beach contends that the government failed to prove undisclosed income because he disclosed the existence of the Trust Fund in relevant bankruptcy documents. This argument is premised on the notion that income to the Trust Fund or the Corporation is not income to Beach individually. But Beach also testified during the bankruptcy proceedings that he understood the Monthly Payments were being paid to him, although typically through the Trust Fund or Corporation, for consulting services he provided. Combined with the jury instructions, the jury thus had sufficient evidence from which to conclude that Beach knew he was receiving income that he had a duty to disclose. But Beach did not disclose this income. And although Beach attempted to raise a reliance on counsel defense at trial, the jury found against Beach on this defense. As a result, the government indeed presented sufficient evidence for the jury to determine that Beach failed to disclose income in his bankruptcy documents.

Second, relying on out-of-circuit case law, Beach avers that a conviction under penalty of perjury cannot rest on a document that was altered or undated. At trial, Beach accused his bankruptcy attorney Richard Dafoe of altering the dates on the perjury declarations that Beach had to physically sign before Dafoe could electronically file Beach's

bankruptcy documents. Dafoe, however, forthrightly testified that – nearly seven years later – he could not recall whether Beach personally changed the dates on the forms or if Dafoe or his secretary changed them with Beach's authorization. Although Beach now argues that the changed dates require that the documents be treated as altered or undated declarations, they remain dated. Ultimately, this was a factual issue for the jury to decide. And the jury decided the issue by determining that the changed dates could not save Beach from the consequences of his intentionally false statements.

Third, Beach asserts that he did not have the requisite fraudulent intent when he indicated on bankruptcy forms that his future average or projected monthly income was zero because he relied in good faith on the advice of Dafoe. Because the Fifth Circuit has long recognized this reliance on advice of counsel defense, *see, e.g., United States v. West*, 22 F.3d 586, 598 (5th Cir. 1994), the Court instructed the jury on the defense – an instruction to which Beach did not object then and has not contested now. But the jury itself rejected the defense. At this point, the Court's "review is not one of the evidence's credibility, but merely of its sufficiency." *United States v. Rosbottom*, 763 F.3d 408 (5th Cir. 2014). In other words, the Court cannot make a credibility assessment about Dafoe's testimony, but instead can merely determine whether there was sufficient evidence to support the jury's verdict. And here there was.

The government first presented evidence that Beach did not seek Dafoe's advice in good faith. Testimony revealed that Beach potentially ignored Dafoe's legal advice until he said what Beach wanted to hear. Because a "defendant does not act in good faith if the

defendant retains an attorney merely to insure the success of a scheme or plan, not to secure legal advice," the jury heard sufficient evidence to reject Beach's claimed reliance on advice of counsel defense on this element alone. *United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984). The government also presented evidence that Beach did not fully and accurately present material facts to Dafoe. For example, Dafoe testified that Beach never informed him about the Monthly Payments he received both directly and through the Corporation. Because a defendant's failure to make a full and accurate report of material facts to his attorney is fatal to his reliance on advice of counsel defense, the jury heard sufficient evidence to also reject Beach's asserted defense on this element. *See, e.g., United States v. Mathes*, 151 F.3d 251, 255 (5th Cir. 1998). As a result, the jury reasonably concluded that Beach had the requisite fraudulent intent in making false statements on his bankruptcy forms.

Fourth, Beach now insists that his statement that his average or projected monthly income was zero at the time of his bankruptcy filing was immaterial. The Court provided the jury with a materiality instruction, to which Beach did not object. *See United States v. Wilcox*, 631 F.3d 740, 752 (5th Cir. 2011) (explaining that, where a defendant forfeits a claimed error by not timely objecting, courts may only review the error later if the defendant meets her high burden of establishing plain error). And the jury found Beach's false statements to be material to the bankruptcy proceedings. In any event, materiality is not an element of 18 U.S.C. § 152, as the statute does not mention it. *Cf. United States v. Wells*, 519 U.S. 482, 489–99 (1997) (analyzing similarly situated 18 U.S.C. § 1014).

Even if Beach could revisit the materiality issue, a false statement only needs to have

a natural tendency to influence or be capable of influencing the decision of a decision maker,

not actually influence or harm anyone. *United States v. Swaim*, 757 F.2d 1530, 1534 (5th

Cir. 1985)**.** Here, there is sufficient evidence supporting the jury's finding that Beach's false

statement was material.[2]

Fifth, Beach raises three technical issues with count III that he believes merit acquittal.

First, Beach argues that the bankruptcy document on which he made the false statement was

a legally unnecessary document and thus his statement was immaterial. But, as previously

explained, materiality is not an element of the charged crime. Further, Beach avers that

counts I and III are multiplicitous because they concern the same statement made on two

bankruptcy documents, one of which was an amended version of the other. Although the two

documents are indeed virtually identical, they are still separate and distinct filings made and

filed on different dates and sworn to through different declarations. The two counts are

---

[2] For these same reasons, the Court denies Beach's alternative motion for reversal and new trial on the ground that the jury instructions omitted an essential element of the offense by not requiring the jury to find that Beach made a false, material omission of information he knew he was obligated to disclose. Relatedly, the Court also denies Beach's same request on the ground that the Court's jury instructions on trusts were legally erroneous. Beach avers that the government had to prove that the Trust Fund was entirely invalid in order to convict him of making false statements about money funneled through the Trust Fund. Not only is this an evidentiary argument that does not call into question the legality of the jury instructions, but it is also incorrect. The government only needed to show that Beach self-settled the Monthly Payments into the Trust Fund, which could render the Monthly Payments unprotected from bankruptcy. At trial, the government presented sufficient evidence on this matter. Ultimately, because Beach has not shown any error in the jury instructions upon which to claim any prejudice, the Court denies his alternative motion for reversal and new trial in full.

therefore not multiplicitous because they concern charges for separate and distinct false declarations. *See United States v. Harrelson*, 754 F.2d 1182, 1184 (5th Cir. 1985). Finally, Beach asserts that counts I and III are additionally flawed in that they resulted in the same harm, if any. But, as explained previously, a false statement need only be capable of influencing the decision; it need not result in any actual harm. *Swaim*, 757 F.2d at 1534. That the two false statements share a single harm is therefore irrelevant to the analysis. Beach's technical arguments regarding count III are accordingly in vain.

Sixth, Beach raises two technical grounds for acquittal on count V. First, Beach contends that count V rests on a document premised on his knowledge, information, and belief, thereby failing the requirements of 28 U.S.C. § 1746. But adding such words does not invalidate his signed perjury declaration. Moreover, the Court submitted instructions on section 1746 to the jury, to which Beach did not then object. And, upon reviewing the sufficient evidence presented at trial, the jury resolved this fact issue in the government's favor. Further, Beach argues that count IV, which concerns a false statement regarding income from April 2011 to November 2011, and count V, which concerns a false statement regarding income from April 2011 to May 2012, are multiplicitous. As explained previously, however, the two counts are not multiplicitous because they concern charges for separate and distinct false declarations. *See Harrelson*, 754 F.2d at 1184. As a result, Beach's technical challenges to count V are also fruitless.

## B. Beach is Not Entitled to Acquittal on Count VII

### 1. The Evidence on Count VII(A) that Beach Made a False Statement is Sufficient.

– In count VII of the indictment, the government charged Beach with three instances of giving false testimony under oath during a single bankruptcy deposition. In particular, count VII(A) concerns the following exchange:

> Q: Okay. And you, Gary Beach, received income from [your consulting work], did you not, sir?
>
> A: I received one check that was sent to me by mis- or one wire that was sent to me by mistake. It should have gone to [the Trust Fund] but it came to me by mistake, yes.
>
> Q: By mistake?
>
> A: Yes.

Indictment 7 [54]. The jury found Beach guilty on count VII(A). However, Beach now argues that there was insufficient evidence to prove that he made a false statement because his answer to the deposition question was literally true.

On its own, Beach's statement that he personally received one payment may have been true. But, in context, it was a false oath. In the deposition, Beach was asked whether he received income from his consulting work. Instead of simply answering in the affirmative, Beach elaborated by stating that he received one payment. Under the circumstances in which Beach answered the question, his response was akin to saying he received *only* one payment. That response was false because, as Beach himself concedes in his motion, he personally received two additional payments from his consulting work that

he did not admit then. And that still does not include the other Monthly Payments Beach indirectly received via the Trust Fund and the Corporation.

At least one other judge in this District has similarly held that a false statement in the form of an omission is actionable under 18 U.S.C. § 152. In *United States v. De Chavez*, the defendant sought to dismiss the indictment against him on the grounds that his disclosure of some – but not all – of his prior bankruptcy cases and Social Security numbers did not amount to a false statement under 18 U.S.C § 152(3). No. 3:14-CR-166-L, 2015 WL 5916675, at *1 (N.D. Tex. Oct. 8, 2015) (Lindsay, J.). The government opposed the motion, arguing that a false statement by omission is actionable under the section for the same reason it is actionable under 18 U.S.C. § 1001(a)(1), which applies to false statements made to a federal agency, and 18 U.S.C. §§ 1341, 1343, and 1344, which apply to mail, wire, and bank fraud. *Id.* at *2. Persuaded by the government's reasoning, the court determined that fraudulent concealment or a knowing omission can form the basis of an offense under section 152(3). *Id.* at *3. In doing so, the court pointed to Fifth Circuit precedent implying the same. *Id.* (citing *United States v. Theall*, 525 F. App'x 256, 265 (5th Cir. 2013) ("To obtain a conviction, the government had to show that the [defendants] 'knowingly and fraudulently' failed to disclose that information.")). Because there is no material difference in the language of sections 152(2) and (3), the *De Chavez* Court's rationale extends to false oaths by omission, as here.[3]

---

[3] This is consistent with the general common law principle that an omission can be fraudulent. *See* Restatement (Second) of Torts § 551(2)(b) (1976).

In any event, assessing whether or not Beach's statement was true was a fact issue for the jury to decide, which it did in the government's favor. The Court will not now intrude on an issue properly decided by the jury based on sufficient evidence, as "the spin placed on selective . . . word choice provides no refuge from the jury's verdict." *United States v. Brown*, 459 F.3d 509, 529 (5th Cir. 2006).

*2. The Evidence on Count VII(B) that Beach Knowingly and Fraudulently Made a Material False Statement Under Oath is Sufficient.* – Count VII(B), which arises out of the same deposition as count VII(A), concerns the following exchange:

> Q: Okay. So the sum total of money that [the client for your consulting work] has sent you is these two $15,000 payments, is that right?
>
> A: That's correct.

Indictment 7 [54]. Seeking acquittal on this count, Beach raises a hodgepodge of arguments – most of which the Court has already addressed and rejected. Upon conceding that his answer to the deposition question was indeed factually false, the only novel, count VII(B)-specific argument Beach musters is that he did not have the requisite fraudulent intent. Based on the fact that, two months prior to the deposition, Beach had provided his bank records, which indicated receipt of three payments to his personal account, Beach concludes that no rational juror could find that he made his false statement knowingly, much less with fraudulent intent. Instead, Beach claims he merely fell into a trap laid by opposing counsel. But this is not the only reasonable conclusion that can be derived from the evidence. At trial, the government presented ample evidence that Beach did not simply make a mistake in answering the question, but actually intended to deceive. Because it is within the domain of

the jury to decide a fact issue such as this and the jury here made a determination based on sufficient evidence, Beach is not entitled to acquittal on this count.

**CONCLUSION**

For the reasons set forth above, the Court denies Beach's motion for judgment of acquittal – and his alternative motion for reversal and new trial included therein – in full.

Signed August 3, 2018.

David C. Godbey
United States District Judge